UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL HORTON,<br><br>                        Plaintiff,<br><br>v.<br><br>NATIONAL COMMERCIAL SERVICES (doing business as NCS Legal Services) and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                        Defendant. | Case No.:  3:20-cv-863-W-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE DEADLINES TO RAISE DISCOVERY DISPUTES WITH THE COURT**<br><br>**[ECF No. 25]** |

      Before the Court is the parties' joint motion to continue the deadlines to raise discovery disputes with the Court. ECF No. 25. Under the Court's 45-Day Rule (*see* Chmb.R. at 2–3), the parties would have been required to bring any discovery dispute

1

regarding Defendant Experian's responses[1] and Plaintiff's responses[2] to the Court's attention by December 4 and December 11, respectively. ECF Nos. 25 at 2–3. The parties seek an order from the Court extending these deadlines by approximately one month. *Id*.

Parties seeking to continue deadlines must demonstrate good cause. Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end").

Here, the parties have represented to the Court the that they have engaged in comprehensive and ongoing meet and confer efforts regarding their respective responses, and are in the process of providing supplemental responses. ECF No. 25 at 2–3. Hence, the parties seek an order from the Court extending the deadline raise any disputes, to facilitate a cooperative resolution. *Id*.

The Court appreciates that the parties have been working together to resolve their disputes without Court intervention. The Court also appreciates the level of detail in the

---

[1] Defendant Experian's responses at issue here regard Plaintiff's first set of written interrogatories to Defendant Experian, Plaintiff's first set of requests for admissions to Defendant Experian, and Plaintiff's first set of requests for production to Defendant Experian, served on September 4, 2020, which Defendant Experian responded to on October 22, 2020. ECF No. 25 at 2.

[2] Plaintiff's responses at issue here regard Defendant Experian's first set of written interrogatories to Plaintiff, Defendant Experian's first set of requests for admissions to Plaintiff, and Defendant Experian's first set of requests for production to Plaintiff, served on September 29, 2020, which Plaintiff responded to on October 29, 2020. *Id*. at 3.

parties' joint motion and declaration, as well as their compliance with the Court's chambers rules. The Court finds that the parties have demonstrated the diligence necessary to meet the good cause standard, and therefore **GRANTS** the motion. The parties must bring any discovery dispute regarding the discovery requests at issue here to the Court's attention no later than **January 6, 2020**. All other case management dates remain in place.

**IT IS SO ORDERED.**

Dated: November 17, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3

3:20-cv-863-W-AHG