UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL HORTON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL COMMERCIAL SERVICES (doing business as NCS Legal Services),<br><br>　　　　　　　　　Defendant. | Case No.: 3:20-cv-863-W-AHG<br><br>**ORDER RESOLVING OPPOSED JOINT MOTION AND DENYING DEFENDANT'S MOTION TO AMEND THE SCHEDULING ORDER**<br><br>**[ECF No. 56]** |

Before the Court is the parties' opposed joint motion to continue the deadline to join other parties, to amend the pleadings, or to file additional pleadings. ECF No. 56. Defendant seeks to extend the deadline so it can request leave from the District Judge to file a third-party complaint against Fox Rent a Car, Inc. ("Fox"), which Plaintiff opposes.

## I.   BACKGROUND

On July 24, 2020, Plaintiff served her complaint on Defendant. ECF No. 5. Defendant filed its answer on September 29, 2020. ECF No. 14. As of October 23, 2020, the date the parties filed their joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f)(3), Defendant "[wa]s only beginning to conduct its investigation and discovery into Plaintiff's complaint allegations and ha[d] not engaged in any discovery or depositions." ECF No. 20 at 4. The Court held a Case Management Conference on

November 2, 2020, and issued its Scheduling Order the same day. ECF Nos. 22, 24. The deadline for "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings [was] December 2, 2020." ECF No. 24 at ¶ 1. This deadline requires that parties conduct discovery efficiently and promptly in order to timely comply. *See, e.g.*, *T2 Techs., Inc. v. Windstream Commc'ns, Inc.*, No. 14cv3151-MSK-KLM, 2016 U.S. Dist. LEXIS 193118, at *3–*4 (D. Colo. May 2, 2016) (collecting cases explaining that parties should prioritize their discovery to obtain information relevant to meet this deadline, so that the case can proceed with all claims, defenses, and parties as they are expected to be).

Defendant tendered its defense and indemnity to Fox in November 2020, and Fox denied the tender. ECF No. 56 at 4. The parties met and conferred regarding stipulating to the addition of Fox as a third-party defendant, but could not reach an agreement. *Id*. On February 26, 2021, Defendant's current counsel was substituted in this matter. *Id*. Thereafter, Defendant's counsel determined that Fox was a necessary party to this litigation. *Id*. On March 24, 2021, the parties met and conferred regarding the addition of Fox as a third-party defendant, but again could not reach an agreement. *Id*. On April 2, 2021, the parties jointly notified the Court that they disagreed about extending the deadline to join other parties. Email to Chambers (Apr. 2, 2021 at 11:10 a.m.). The Court found it appropriate to issue a briefing schedule in the matter, and the parties timely filed the instant joint motion. ECF Nos. 52, 56.

## II.   LEGAL STANDARD

Parties seeking to modify the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 24 at ¶ 20 (operative scheduling order, stating that "[t]he dates and times set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"); Email to Parties (Apr. 8, 2021 at 2:59 p.m.) ("please be sure to focus on the scheduling order aspect in the upcoming

motion before Judge Goddard, i.e., <u>good cause and a specific showing of diligence</u> to extend the deadline") (emphasis in original).

Courts have broad discretion in determining whether there is good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Id.* at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted); *see Merck v. Swift Transportation Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018) ("a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court"). "Because diligence is the focus of the inquiry, prejudice to the party opposing the modification is not a prerequisite; it does, however, 'supply additional reasons to deny [the] motion.'" *See Cruz v. City of Anaheim*, No. CV-10-03997-MMM-JEMx, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (quoting *Johnson*, 975 F.2d at 609).

## III. DISCUSSION

Though the bulk of Defendant's argument rests on the merits of Fox's inclusion in the case,[1] Defendant briefly addresses whether good cause exists to extend the deadline.

---

[1] Although the undersigned expresses no opinion on the merits of whether Defendant should be permitted to file a third-party complaint against Fox, the Court will briefly summarize the parties' positions for context. Defendant contends that Fox is a necessary party because Defendant's claims against Fox are logically dependent on the resolution of the original suit with Plaintiff. ECF No. 56 at 6. Defendant contends that proceeding against Fox in a separate state court action increases the risk of incongruent rulings or judgments on key issues of fact or law. *Id.* at 7. Plaintiff disagrees. Plaintiff contests that Fox is a necessary party, arguing that Fox has no obligations under the Fair Credit Reporting Act and any disputes between Defendant and Fox are contractual. *Id.* at 12–13. For example, "[i]f [Defendant] feels Fox breached its contract or is required to indemnify [Defendant] in this litigation, that is a matter for a separate contract claim and/or declaratory relief action but has nothing to do with Plaintiff's claims in this action." *Id.* at 13. The Court reminds the parties that whether a motion to file a third-party complaint would be granted is not the question before the Court; if the moving party fails to show diligence, the inquiry must end. *See Johnson*, 975 F.2d at 609.

Defendant contends that it has been diligent.[2] Though Defendant acknowledges that the present motion was filed over four months after the deadline passed, it contends that the delay was excusable because new counsel entered the case in late February. ECF No. 56 at 8. Plaintiff argues that Defendant has not shown good cause. Because Fox is referenced in the complaint (*see* ECF No. 1 at ¶¶ 39, 40, 50, 75), Plaintiff contends that Defendant has had notice about Fox since July 24, 2020 at the latest[3] and therefore had ample time to investigate whether Fox was a necessary party. ECF No. 56 at 9. Moreover, fact discovery is complete. *Id*. at 9–10 (on April 16, representing to the Court that "discovery is complete, with the exception of one third-party credit reporting agency deposition"); *see* ECF No. 47 (permitting deposition of Trans Union to occur on April 26, after the after the March 17 fact discovery cutoff). Plaintiff argues that permitting Defendant to file a third-party complaint against Fox would substantially delay the case because Fox would need to conduct its own discovery. ECF No. 56 at 11. Defendant states, however, that Fox's inclusion in the matter will not increase or broaden the scope of discovery or delay the trial. *Id*. at 7.

The Court has reviewed the papers submitted, as well as the docket, and has considered the arguments of both sides. The Court does not find good cause to extend the deadline to join other parties, to amend the pleadings, or to file additional pleadings. The Court finds that Defendant failed to show that it acted diligently to comply with the existing deadline. *See Rios v. Ames True Temper, Inc.*, No. EDCV-11-320-CAS-PJWx, 2012 WL

---

[2] Though Defendant stated it "supplie[d] the Declaration of David M. Levy, counsel for NCS, describing the diligence to comply with the existing deadlines and in seeking this continuance at the earliest possible opportunity[,]" no such declaration was provided to the Court. ECF No. 56 at 2.

[3] Plaintiff also argues that Defendant knew that Fox was the original creditor years prior to the filing of the complaint—"Plaintiff disclosed the fact that the underlying debt was with Fox" because Plaintiff had submitted multiple disputes to Defendant, which Defendant then investigated. ECF No. 56 at 12.

1865633, at *4, *4 n.5 (C.D. Cal. May 21, 2012) (denying request to file a third-party complaint after the deadline had passed because good cause had not been established: "that McMaster attempted to tender its defense to Ames [before the deadline] belies McMaster's contention that it was unaware of potential claims for indemnity against Ames"); *Telemasters, Inc. v. Vintage Club Master Ass'n*, No. CV-05-5139-FMS-VBKx, 2007 WL 1839701, at *2 (C.D. Cal. Feb. 2, 2007) (denying request to extend the deadline to file a third-party complaint because the "Defendant was aware, or reasonably should have been aware, of this information long before the [] deadline to amend, Defendant had ample time prior to the deadline to file its [] third party complaint. Defendants have failed to establish 'good cause' for modifying the pretrial scheduling order.").

## IV.   CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to amend the scheduling order. ECF No. 56.

**IT IS SO ORDERED**.

Dated:  May 5, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge